UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL ELDRIDGE,<br><br>                              Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                              Defendants. | Case No.: 17-CV-497-JLS (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 15, 17, 19) |

      Presently before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment, (ECF Nos. 15, 17). Magistrate Judge Barbara Major has issued a Report and Recommendation, ("R&R," ECF No. 19), recommending that Plaintiff's Motion for Summary Judgment be granted, Defendant's Cross-Motion for Summary Judgment be denied, and that Judgment be entered reversing the decision of the Administrative Law Judge and remanding this matter for further administrative proceedings. Having reviewed the Parties' motions, Judge Major's R&R, and the underlying Administrative Record, the Court **ADOPTS** Judge Major's Report and Recommendation in its entirety.

## BACKGROUND

      Judge Major's R&R contains a thorough and accurate recitation of the factual and

procedural histories underlying the instant Motions for Summary Judgment. (*See* R&R 2–10.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

In this present case, neither party has filed objections to Magistrate Judge Major's R&R. (*See* R&R 25 (objections due by June 6, 2018).) Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

In this matter, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled as defined in the Social Security Act. (R&R 7 (citing Administrative Record, ("AR",) ECF No. 12, at 24–41.) The ALJ determined that Plaintiff could work as a rental clerk, ticket seller, or order clerk, and therefore was not disabled. (*Id.* (citing AR 34–35).) The ALJ determined that Plaintiff's testimony was not credible. Judge Major found "that the ALJ failed to identify the specific statements Plaintiff made that the ALJ decided were

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

not credible, and thus does not provide the necessary information for meaningful judicial review." (*Id.* at 12.) Judge Major found the ALJ "erred by failing to identify the testimony he found not credible" so therefore, the ALJ's conclusions are not supported by substantial evidence. (*Id.* at 14.)

Further, Judge Major found that even if the ALJ had "adequately specified the testimony he found not believable," the ALJ's proffered reasons for negating Plaintiff's testimony fail to meet the clear and convincing standard. (*Id.*) Judge Major analyzed the reasons provided by the ALJ in finding Plaintiff less than fully credible. (*Id.* at 14–24.) Judge Major concluded that none of the reasons "constitute a clear and convincing basis" for the ALJ's ultimate determination. Judge Major therefore recommends reversing the decision of the ALJ.

The Court finds no clear error in Judge Major's findings and recommendations. Further, the Court agrees remanding for further administrative proceedings is appropriate because additional proceedings could remedy the defects in the ALJ's decision and enhance the administrative record. (*Id.* at 25.)

Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Major's Report and Recommendation; (2) **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Cross-Motion for Summary Judgment; and (3) **REMANDS** the case to the Social Security Administration for further proceedings. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED**.

Dated: July 9, 2018

Hon. Janis L. Sammartino
United States District Judge